956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Luis ROSADO, Petitioner/Appellant,
v.
UNITED STATES of America, Respondent/Appellee.
 No. 91-1852.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 10, 1992.*
Decided March 9, 1992.
 
 Before CUMMINGS and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 A grand jury indicted Luis Rosado for violating several drug laws and a firearm law. Rosado pleaded guilty to the drug charges, but he opted for a bench trial on the firearm charge, which was brought under 18 U.S.C. § 924(c) (1988). At trial Rosado's attorney argued that the facts before the court did not satisfy the "use" or "carry" requirements of the statute. The judge disagreed and convicted Rosado under section 924(c).
 
 
 2
 Rosado appealed the verdict and in United States v. Rosado, 886 F.2d 967, 969 (7th Cir.1989), we affirmed the court's ruling. Rosado's only argument on appeal was that the facts before the district court did not satisfy the "use" or "carry" requirements of the firearm statute under which the court convicted him. We analyzed fully the facts as applied to section 924(c) and agreed with the district court that Rosado had in fact used the gun in the course of a drug trafficking crime as defined by the statute.
 
 
 3
 Rosado then moved in the district court for postconviction relief under 28 U.S.C. § 2255 (1988). He based this claim on "new and compelling case law that was inadvertently omitted from the defendant's appeal to the Seventh Circuit." Pl.'s Mot. per § 2255 at 1, (Sept. 26, 1990). The district court denied the motion, viewing it as a rehash of the argument considered on direct appeal and thus as an improper basis to grant relief under section 2255. Rosado now appeals that ruling.
 
 
 4
 Rosado's argument before this court on appeal from the denial of his motion is no different from the argument he presented on direct appeal from his conviction and decided by this court against him. A motion under section 2255 may be used to relitigate issues heard on direct appeal only in limited circumstances. United States v. Taglia, 922 F.2d 413, 418 (7th Cir.1991), gives several examples of when relitigation of issues is appropriate. Included among these examples is cases in which there is an intervening change in law, which Rosado invokes in this case. Rosado cites several cases in his brief, but none of them do anything to affect the law of this circuit under which Rosado was convicted. Because we can find no change in the circumstances that established Rosado's first conviction, "we will not reconsider in an appeal from the denial of a section 2255 motion an issue previously decided by us on direct appeal from the conviction." United States v. Norris, 687 F.2d 899, 900 (7th Cir.1982).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs